UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASARCO INCORPORATED,<br>　　　Appellant | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil No. CC-07-133 |
| ASARCO LLC,<br>　　　Appellee | §<br>§<br>§ | |

**ORDER AFFIRMING BANKRUPTCY COURT**

On March 15, 2007, the Bankruptcy Court entered the "Order Approving New Collective Bargaining Agreement With Unions, Including Monetary Obligations Thereunder, Pursuant to 11 U.S.C. §§363(b) and 105(a)." Asarco Incorporated ("the Parent") appeals the order arguing the New Collective Bargaining Agreement ("New CBA") contains illegal provisions, constitutes an improper *sub rosa* plan of reorganization, harms the Parent, and is not a proper exercise of the Asarco LLC's business judgment.

Chapter 11 U.S.C. §363(b) provides that a debtor-in-possession may use, sell, or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b)(1). To satisfy its fiduciary duty to the debtor, creditors, and equity holders, the debtor-in-possession must articulate some business justification for doing so. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

When reviewing a bankruptcy court's decision a district court applies the standard of review generally applied in federal court appeals, reviewing a bankruptcy court's factual

1

findings for clear error and its legal conclusions de novo. *Webb v. Reserve Life Insurance Company*, 954 F.2d 1102, 1103-04 (5th Cir. 2002); *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001).

In this case, the Bankruptcy Court found (1) Asarco properly exercised its reasonable business judgment by entering into the new collective bargaining agreement ("New CBA"), and (2) the New CBA does not constitute a *sub rosa* plan of reorganization. After hearing extensive testimony of various financial experts, company officers, and board members, the Bankruptcy Court was persuaded that Asarco LLC's business justifications for entering into the New CBA were sound. The Court finds no reason to disturb that finding.

The Court has reviewed the Bankruptcy Court order, the record, and the parties' arguments on appeal. The Court finds no error in the Bankruptcy Court's legal conclusions and no clear error in its factual findings. *See Webb v. Reserve Life Insurance Company*, 954 F.2d 1102, 1103-04 (5th Cir. 2002). The Bankruptcy Court's decision to approve the New CBA is AFFIRMED.

ORDERED this 14 day of Oct, 2008.

HAYDEN HEAD
CHIEF JUDGE